UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP EUGENE LABARR,<br><br>            Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Respondent. | No. 1:24-cv-01262-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 10) |

Petitioner Phillip Eugene LaBarr is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 18, 2024, the assigned magistrate judge made a preliminary review of the petition and determined that the petition failed to state a claim for relief, failed to exhaust state remedies, and failed to name a proper respondent. Doc. 8. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the assigned magistrate judge dismissed the petition without prejudice and directed the Clerk of Court to provide petitioner with a blank habeas corpus form so

1    that he could file an amended petition which might cure the identified deficiencies.  *See id.*  The
2    order gave petitioner thirty days to file an amended petition, *see id.*, but he never did so.
3    Therefore, on December 2, 2024, the assigned magistrate judge issued findings and
4    recommendations recommending that the petition be dismissed with prejudice for failure to state
5    a claim, failure to exhaust state remedies, and failure to name a proper respondent.  Doc. 10.
6    Those findings and recommendations were served upon all parties and contained notice that any
7    objections thereto were to be filed within twenty-one (21) days after service.  No objections have
8    been filed, and the deadline to do so has expired.
9        In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de
10   novo review of the case.  Having carefully reviewed the file, the Court concludes that the
11   magistrate judge's findings and recommendations are supported by the record and proper
12   analysis.
13       Having found that petitioner is not entitled to habeas relief, the Court now turns to
14   whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus
15   has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
16   allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a
17   court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if
18   jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional
19   claims or that jurists could conclude the issues presented are adequate to deserve encouragement to
20   proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While
21   the petitioner is not required to prove the merits of his case, he must demonstrate "something more
22   than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S.
23   at 338.
24       In the present case, the Court finds that reasonable jurists would not find the Court's
25   determination that the petition should be denied debatable, wrong, or deserving of encouragement to
26   proceed further.  Petitioner has not made the required substantial showing of the denial of a
27   constitutional right.  Therefore, the Court declines to issue a certificate of appealability.
28   / / /

Accordingly,

1. The findings and recommendations issued on December 2, 2024, Doc. 10, are adopted in full;
2. The petition for writ of habeas corpus is dismissed with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 12, 2025

UNITED STATES DISTRICT JUDGE

3